## THE GREAT A & P TEA CO v REDMOND

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10146. Decided October 14, 1929

Byron D. Kuth, Cleveland, for Great A & P Tea Co.
I. R. Winsper, Cleveland, for Redmond.

**SULLIVAN, J.**

Upon the question of the weight of the evidence we do not think the judgment is clearly and manifestly against the same because it is of a conflicting nature and there is credible evidence to support the judgment and it is not the duty of the reviewing court in case of conflict to exercise its own judgment as to the facts excepting there appears in the record a situation which shows that a serious mis-

take has been made in fact or in law, and we do not find such a situation in this record and there being credible evidence upon all the essential elments of the case it is our judgment that the reviewing court has no right to interfere and that the judgment should stand.

Coming to the question as to whether the court erred in refusing to grant request No. 3 before argument, by instructing the jury thereon, it is our conclusion that no substantial error was committed in this respect and this request is as follows:

"If you find from a preponderance of the evidence that the floor in the entrance of the store in question was oily or slippery or in a dangerous condition or that one of the boards in the floor of said store was broken as alleged in the Plaintiff's amended petition I instruct you as a matter of law that the Plaintiff must further prove by a preponderance of the evidence that the Defendant knew of the oily, slippery or dangerous condition of the floor or that one of the boards was broken or that one of these conditions existed long enough to raise the implication that the Defendant had such notice before you would be justified in returning a verdict in favor of the Plaintiff and against this Defendant."

There is one reason, at least, which appears sufficient on its face to warrant the court in the action which it took in refusing to give the instruction and that is, before the instruction could be followed out by the jury it would be necessary for the jury to read the amended petition and interpret it, and from the interpretation which they might give it, undertake to follow the instruction of the court in connection with the allegations of the amended petition. It was the court's duty to construe the amended petition and not the jury's, and in this respect we think the instruction was fatal and that the court committed no error in refusing to give it.

Another weakness we think appearing from the record, is that the instruction left out what is apparent from the record that if the allegations of negligence as to the defective floor have any foundation in the evidence, then it would appear that it was the plaintiff in error itself, that caused the changes and this in and of itself would be sufficient knowledge that the plaintiff in error knew the condition of its own floor. That circumstance is not a part or parcel of the instruction and if this circumstance existed then any other notice as to the condition of the floor as indicated by the instruction requested is unnecessary and we do not see any error in the refusal of the court to give this charge.

Now we come to the first request as we understand, in plaintiff's brief which is as follows:

"Ladies and Gentleman of the Jury, as to the claims of the Plaintiff—I am not saying that they are or are not sustained by the evidence—but the claims of injury made by the Plaintiff are reduced on this hearing to the injury to the left knee and left ankle and the pain suffered as the result thereof, if any, and the costs of hiring help in the rooming house made neces-

sary by the Plaintiff's incapacity as the result of said injuries, if any, all other claims of injury or damage are unsupported by competent evidence which has been now introduced and are to be disregarded."

We think the court was correct in refusing this charge because it is ambiguous and uncertain in its nature, whereas on the contrary, it should be clear, concise and explicit. Again, it leaves to the jury, without any specific instruction, all claims for injuries or damages which are unsupported by competent evidence. The intention of course was that the court should say that all other claims excepting those enumerated should not be considered, but we think that in a written charge before argument in writing there should be specific instructions so that the jury would not wonder in its investigations and conclusions, as to just what damages or injuries the court had reference to when it delivered the instructions. For these reasons we think there was no error in refusing to give this charge.

We have examined the other claims of error and have come to the conclusion that there is nothing prejudicial to the rights of plaintiff in error.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J, concur.